HOWARD McKINLAY, Appellant, *v.* MARGARET VAN DUSEN and Others, Defendants, Impleaded with GERTRUDE E. GREEN and Others, Respondents.

*Action for partition and for the construction of a will — what complaint is insufficient to authorize a court of equity to interfere with trustees — when it cannot be sustained as an action for partition — when an action to determine doubts as to the proper construction of a will, by one not a trustee thereunder, will not be entertained.*

In an action, brought to secure a partition of real and personal estate and, incidentally, the construction of a will through which the plaintiff claimed title to a one-fifteenth part of certain real and personal estate, it appeared that the controversy arose over the 15th and 16th clauses of the will, which read as follows:

"*Fifteenth.* All the rest and residue of my property, both real and personal I give, devise and bequeath to Dr. John Dorn, Charles Dorn, Elizabeth Scofield, Grace Scofield, Maggie McKinlay, my niece, Howard McKinlay, Willard McKinlay, Libbie McKinlay, daughter of John McKinlay, Harriet E. McKinlay, Barbara Ann Tiffany, Margaret Van Dusen, Anna Tiffany, Catty or Catherine Tiffany and Earl Tiffany, to be equally divided between them, so that each shall have the use of a one-fifteenth part thereof for and during the term of his or her natural life only. And on the death of either, the share of such deceased under this fifteenth clause of my will, or which he or she is entitled to the use of hereunder, I give, devise and bequeath to the legal heirs of such deceased, to be equally divided between them. And I hereby appoint my executors, hereinafter named trustees, for the life estates of each of the beneficiaries herein by this fifteenth clause of my will given, and hereby direct my said executors as such trustees to take charge of, manage and improve the shares of each of said beneficiaries hereby given to them distributively, and collect and pay over from time to time the rents, issues and net income from such distributive share to the beneficiary entitled thereto hereunder. And for the purpose of carrying out the intent of this clause of my will I hereby devise and bequeath to my said executors in trust for the purposes aforesaid, each of the distributive shares of the several beneficiaries named in this fifteenth clause of my will, and I also authorize and give said trustees full power to sell all or any portion of the real estate hereby devised to them in trust as aforesaid. And in case they do sell all or any of such real estate, the proceeds therefrom are to be retained and invested by them in trust for said beneficiaries, so that each of said beneficiaries shall have the use of an equal distributive share thereof for his or her life, and on his or her death such distributive share shall be paid over to his or her heirs, to be equally divided between them.

"*Sixteenth.* All the rest, residue and remainder of my property and estate of every name and nature I give, devise and bequeath to Dr. John Dorn, Charles Dorn, Elizabeth Scofield, Grace Scofield, Florence Scofield, Maggie

McKinlay, my niece, Howard McKinlay, Willard McKinlay, Libbie McKinlay, daughter of John McKinlay, Harriet E. McKinlay, Barbara Ann Tiffany, Margaret Van Dusen, Anna Tiffany, Catty or Catherine Tiffany and Earl Tiffany, to be equally divided between them."

The plaintiff, who was one of the fifteen persons named in each of such clauses, asked that the 15th clause of the will be declared void and that absolute title to a one-fifteenth part of the testator's residuary estate be decreed to be in the plaintiff and that a partition be adjudged; also, that in case the 15th clause be adjudged not to be wholly void, the trust created thereby should be declared void.

He further asked that, if the court found that the 16th clause of the will was inoperative, the trust created by the 15th clause should be enforced according to its terms, and that the residuary estate be divided into fifteen separate parts, to be held by the trustees in severalty, and allotted to the various devisees, and that the income of each part be paid to the devisee to whom it should be allotted.

*Held*, that as the complaint alleged no facts showing that the trustees were not performing their duties or that the residuary estate was in a condition to be divided, it did not authorize a court of equity to interfere with the conduct of the trustees in the management of the trust estate, and that, consequently, the action could not be maintained so far as it sought to compel the division of the trust estate into fifteen separate parts;

That the 15th clause of the will created a valid trust and that it did not require the decision of a court of equity to dispel any doubts upon the subject, as no such doubts existed;

That the 16th clause was not intended as a substitute for or as a qualification of the 15th clause, but that its apparent office was to cover anything omitted by the language used in the 15th clause;

That, if there should be any species of property which was not "real or personal," and, therefore, did not pass under the 15th clause, it passed, free from the trust, to the beneficiaries under the 16th clause;

That, as the 15th clause was to be given full effect as to the real and personal estate, the action could not be maintained as one in partition;

That the plaintiff could not maintain the action for the sole purpose of having a court of equity declare that the 15th clause was not abrogated by the 16th clause, as such an action is rarely permissible, except to trustees and quasi trustees, for their protection and future guidance in the discharge of their trusts, and also for the further reason that the plaintiff, who alleged that he and the other devisees were in possession of the property, could secure adequate protection by setting up the devise of an absolute fee in defense of any action against him or, if he was not in possession, by asserting his title through the medium of an action of ejectment.

Appeal by the plaintiff, Howard McKinlay, from judgments of the Supreme Court in favor of the defendants Gertrude E. Green and others, entered in the office of the clerk of the county of Ful-

ton in the months of June and July, 1902, upon an order granted at the Fulton Trial Term, and entered in said clerk's office on the 24th day of June, 1902, directing the dismissal of the complaint on the ground that the facts stated therein were insufficient to constitute a cause of action.

*J. H. Dealy,* for the appellant.

*Andrew J. Nellis, Frederick Linus Carroll, Wendell & Sponable* and *Leslie J. Schuyler,* for the respondents.

KELLOGG, J.:

The action is in equity and seeks the partition of real and personal estate and, incidentally, the construction of a will through which plaintiff claims title. The will is set forth in full and made a part of the complaint and plaintiff alleges that, by the will, he is entitled to one undivided fifteenth part in possession of both the real and personal estate described. Plaintiff, in his prayer for relief asks that clause 15 of the will of one William Harden, a great uncle, through which will the alleged title is claimed, be declared void, and absolute title in fee be decreed to be in plaintiff as to such one-fifteenth part, and that a partition be adjudged. He also asks that, in case clause 15 be not wholly void, that the trust created by this clause be declared void. He also asks that, in case the court finds that clause 16 of the will is inoperative, the trust created by clause 15 be enforced according to its terms and that the residuary estate be divided into fifteen separate parts, to be held by the trustees in severalty, and each part be allotted to each devisee and the income be paid on each part to the devisee to whom allotted. As to this last request the complaint alleges no facts showing that the trustees have not properly discharged their duties. There are no facts alleged showing that the residuary estate is yet in condition to be divided into so many equal parts. The complaint does not show that any of the personal estate has yet come into the hands of the trustees, or that the executors of the estate, as such, are not still in possession, with duties relating thereto still to be performed; that the real estate, which passed to the residuary estate, may not have to be first sold and turned into money in order to

make the required division. There is nothing in the complaint which would authorize a court of equity to interfere in this respect with the action and discretion of the trustees; hence this aspect of the complaint may be dismissed without further comment.

As to that portion of the relief prayed for, viz., that the court declare the trust created by the 15th clause void, there seems to be no reason given why it should be treated as void. The terms of the trust are not ambiguous or uncertain, and it is one of the class of express trusts recognized and authorized by subdivision 3 of section 76 of the statute relating to Uses and Trusts (Gen. Laws, chap. 46; Laws of 1896, chap. 547), which reads as follows: "To receive the rents and profits of real property and apply them to the use of any person during the life of that person, or for any shorter term, subject to the provisions of law relating thereto." This trust, in the 15th clause of the will, covers all of the residuary estate, and authorized the trustees to "collect and pay over from time to time the rents, issues and net income" of the property to the beneficiaries named during the term of their natural lives. The trustees also are empowered to "sell all or any of such real estate" and invest the proceeds for the same uses. This constitutes a valid trust, and it does not require the decision of a court of equity to dispel any doubts on the subject, for there is no doubt. This aspect of the complaint may, therefore, also be dismissed without further discussion.

The 15th and 16th clauses of the will are claimed by the complaint to be the only portions of the will which authorize this action, and they read as follows:

"*Fifteenth.* All the rest and residue of my property, both real and personal, I give, devise and bequeath to Dr. John Dorn, Charles Dorn, Elizabeth Scofield, Grace Scofield, Florence Scofield, Maggie McKinlay, my niece, Howard McKinlay, Willard McKinlay, Libbie McKinlay, daughter of John McKinlay, Harriet E. McKinlay, Barbara Ann Tiffany, Margaret Van Dusen, Anna Tiffany, Catty or Catherine Tiffany and Earl Tiffany, to be equally divided between them, so that each shall have the use of a one-fifteenth part thereof for and during the term of his or her natural life only. And on the death of either, the share of such deceased under this fifteenth clause of my will, or which he or she is entitled to the use of hereunder,

I give, devise and bequeath to the legal heirs of such deceased, to be equally divided between them. And I hereby appoint my executors, hereinafter named trustees, for the life estates of each of the beneficiaries herein by this fifteenth clause of my will given, and hereby direct my said executors as such trustees to take charge of, manage and improve the shares of each of said beneficiaries hereby given to them distributively, and collect and pay over from time to time the rents, issues and net income from such distributive share to the beneficiary entitled thereto hereunder. And for the purpose of carrying out the intent of this clause of my will I hereby devise and bequeath to my said executors, in trust, for the purposes aforesaid, each of the distributive shares of the several beneficiaries named in this fifteenth clause of my will, and I also authorize and give said trustees full power to sell all or any portion of the real estate hereby devised to them in trust as aforesaid. And in case they do sell all or any of such real estate, the proceeds therefrom are to be retained and invested by them in trust for said beneficiaries, so that each of said beneficiaries shall have the use of an equal distributive share thereof for his or her life, and on his or her death such distributive share shall be paid over to his or her heirs, to be equally divided between them.

"*Sixteenth.* All the rest, residue and remainder of my property and estate of every name and nature I give, devise and bequeath to Dr. John Dorn, Charles Dorn, Elizabeth Scofield, Grace Scofield, Florence Scofield, Maggie McKinlay, my niece, Howard McKinlay, Willard McKinlay, Libbie McKinlay, daughter of John McKinlay, Harriet E. McKinlay, Barbara Ann Tiffany, Margaret Van Dusen, Anna Tiffany, Catty or Catherine Tiffany and Earl Tiffany, to be equally divided between them."

If the 16th clause could be interpreted to be a substitute for the 15th and by it the 15th clause could be treated as abrogated, in such case the plaintiff would clearly be entitled to maintain the action of partition; he would then have the fee in one-fifteenth of the residuary estate and be entitled to immediate possession. But it seems to me very clear that the 16th clause was not intended as a substitute for or as a qualification of the 15th. If it is not wholly surplusage, its apparent office was to cover anything omitted by the language used in the 15th. The 15th carried to the residuary, to

be held in trust, " all the rest and residue of my property, both real and personal." If there should be any species of property not in law regarded as " real " or " personal," the 16th clause carried it outright to the same beneficiaries freed from the trust, and the language used is : " All the rest, residue and remainder of my property and estate of every name and nature." It is impossible to give to this will any other construction and save the testator's intent clearly and elaborately expressed in clause 15. I do not think that this construction is even debatable. It is quite too obvious to admit of doubt, and since clause 15 is to be given full effect as to the real and personal estate, the action of partition cannot be maintained.

Nor do I think the action can be maintained by this plaintiff for the sole purpose of having a court of equity declare that·clause 15 is not abrogated by clause 16, even if this complaint be construed to be in an action brought for such purpose. In *Mellen* v. *Mellen* (139 N. Y. 219) ANDREWS, Ch. J., said : " The court does not entertain such an action to remove a doubt which might be created in the minds of persons dealing with the title, provided the means of forming a correct legal judgment are patent on the face of the instrument or proceeding by which the existence or non-existence of the right in question must be determined."

If this be the purpose of the action, it becomes simply an advisory action which is rarely permissible except to trustees and quasi trustees for their protection and future guidance in the discharge of their trusts. *Whitney* v. *Whitney* (63 Hun, 59) is an authority against the right to maintain the action for the purpose stated on another ground, viz. : That plaintiff has an adequate remedy at law. The plaintiff alleges that " upon information and belief " he and the other devisees are in possession of the real estate described. If he be so, he may safely await attack through the action of ejectment, or other legal action by the trustees, and set up the devise of an absolute fee in answer to the hostile claim. Or if he be not in possession, he may bring ejectment and assert his title through the 16th clause of the will. In *Whitney* v. *Whitney (supra)*, MARTIN, J., in an elaborate opinion discusses the question and the cases and reaches the conclusion that section 1866 of the Code of Civil Procedure did not " authorize the maintenance of an action in equity where the sole purpose was to test the legal title to real prop-

erty, and the action of ejectment would afford a full and adequate remedy." In that case the residuary clause of the will placed all property not specifically devised or bequeathed under the control of trustees, and it became a serious question whether, as to a certain farm, there was a devise in fee or only for life and whether there was not a remainder which should go into the residuary estate. The action was brought by a devisee or the heirs of a devisee interested in the residuary estate for a construction of the will, and the court held that the action could not be maintained, though there was serious doubt as to the meaning of the will, for the reason that the remedy at law through ejectment was adequate.

All the phases of the complaint, as interpreted by the prayer for relief, were before the learned trial court on the motion to dismiss the complaint. The will was a part of the complaint, and only legal propositions, based upon the provisions of the will, were or could have been considered, and no evidence which could have been offered by the plaintiff could alter or change in any way these legal propositions. It was obvious, as I think, that in no aspect of the facts alleged or of the relief sought could the action be maintained, and the complaint was, therefore, properly dismissed.

The costs in an equity action being discretionary, we do not think there was any sufficient abuse of discretion to warrant reversal on that ground. Each of the defendants to whom costs were allowed answered separately and each had an interest to defend.

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.