Matter of the Estate of HUGO GORSCH, Deceased.

(Surrogate's Court, New York County, March, 1918.)

**Wills — construction of — legacy — bequests — residuary estate — gifts — trusts — executors and administrators.**

Testator bequeathed and devised his residuary estate to his executors in trust and directed them " to sell at public auction and after paying all mortgages, taxes, interest and charges to apply the rest of the proceeds as follows:   Eight thousand dollars ($8,000) thereof I give and bequeath to the children of my brother Arnold Gorsch, of Danzig, Germany, share and share alike. * * * Fifteen thousand dollars ($15,000) I give and bequeath to the children of my brother Bernhard Gorsch, residing near Thorn, Germany, share and share alike. * * * Eight thousand dollars ($8,000) thereof I give and bequeath to the children of my half brother Adelbert Dahm, residing at Berlin, Germany, share and share alike."

Arnold Gorsch had only one child who was alive at the death of testator.   Bernhard Gorsch had ten children all of whom survived the testator except Adolph Gorsch who died leaving

Misc.] Surrogate's Court, New York County, March, 1918.

him surviving a widow and a daughter. Adelbert Dahm had three children, one of whom predeceased testator leaving a widow and a daughter, and since the death of the testator another son of Adelbert Dahm died leaving him surviving his father, a daughter of his deceased brother, and a brother who is still living. Held, that the three legacies were legacies to a class and should be paid to those members of each class who were living at the death of testator when the gift was to take effect; the additional words "share and share alike" do not alter the character of the bequest but in the circumstances must be deemed to direct the method of payment among those of the class entitled to take.

PROCEEDING upon the accounting of executors and for the construction of a will.

Henry S. J. Flynn (Samuel W. Levine, of counsel), for executors.

Burnstein & Geist (I. Balch Louis, of counsel), for claimant.

Katz & Sommerich (Frederick D. Cramer, of counsel), for interested parties.

Paul H. Burns, special guardian.

Edward M. Burghard, for German Hospital of New York City.

John C. Stemmermann, for Wartburg Home.

Salter & Steinkamp, for Wartburg Orphan Farm School.

FOWLER, S. Upon the accounting of the executors it became necessary for the surrogate to construe the will of the testator. Accordingly a day was set for

argument at which time evidence was given by the attorney for the testator respecting his testamentary intentions. This testimony was taken by the surrogate, there being no objection, but with the reservation that the same should be disregarded if incompetent. The testimony will be disregarded by the surrogate. Extrinsic evidence in aid of construction is permissible in comparatively few instances. It is an old rule in causes of this kind that parol declarations of a testator are inadmissible to control a written will or to affect its construction. In *Mann* v. *Executors of Mann,* 1 Johns. Ch. 231, Chancellor Kent said that the rule was well settled that parol evidence cannot be permitted to supply or contradict, enlarge or vary, the words of a will, nor to explain the intention of the testator except in two cases, viz, where there is a latent ambiguity arising *dehors* the will as to the person or subject meant to be described; or to rebut a resulting trust. A will is ambiguous only when, after full consideration, it is determined judicially that no interpretation can be given it. Beal Leg. Interp. 580. In other words, it is only when a will is uncertain, ambiguous or doubtful that extrinsic evidence is allowed to be taken (*Ritch* v. *Hawxhurst,* 114 N. Y. 512), and then the nature of the extrinsic evidence is very restricted. The will being unambiguous the evidence offered is not admissible, and will be disregarded.

The testator died on June 10, 1914, leaving a last will and testament under which letters testamentary issued to the accountants on September 16, 1914. After making several testamentary provisions for his wife, the testator bequeathed and devised his residuary estate to his executors "in trust," and directed " my executors and trustees to sell at public auction and after paying all mortgages, taxes, interests and

charges, to apply the rest of the proceeds as follows: * * * Eight thousand dollars ($8,000) thereof I give and bequeath to the children of my brother Arnold Gorsch, of Danzig, Germany, share and share alike. * * * Fifteen thousand dollars ($15,000) I give and bequeath to the children of my brother Bernhard Gorsch, residing near Thorn, Germany, share and share alike. * * * Eight thousand dollars ($8,000) thereof I give and bequeath to the children of my half brother Adelbert Dahm, residing at Berlin, Germany, share and share alike." Arnold Gorsch had three children, Adelbert Paul, Alma and Aloysius Wallis Gorsch. Alma Gorsch died February 9, 1903 (her married name being Brettschneider), leaving her surviving her husband, Klemens Brettschneider, and a daughter Edeltraut. Aloysius Wallis died September 4, 1910, leaving him surviving his wife, Dorothea, and four children, Frieda, Arnold, Bertha and Herbert. Consequently the only child of Arnold Gorsch who was alive at the time of the death of the testator was Adelbert Paul Gorsch.

Bernhard Gorsch had ten children, all of whom survived the testator except Adolph Gorsch, who died on October 8, 1894, leaving him surviving a widow, Erika Kaletta, and a daughter, Klara.

Adelbert Dahm had three children, Erik, Kurt and Alfred Dahm. Erik Dahm predeceased the testator, leaving a widow, Alma Dahm, and a daughter, Erika. Since the death of the testator Kurt Dahm, a son of Adelbert Dahm, died leaving him surviving his father, his brother Alfred and Erika Dahm, a daughter of his brother Erik. Alfred Dahm is still alive.

All the above named parties now living have been cited in this proceeding, and in the distribution of the estate of testator to be directed on this accounting it is necessary first to construe the three clauses of the testator's will set forth at length above. The will is

silent as to intention, and stands as a mere expression of the testator's testamentary wishes. It must therefore be given effect in accordance with those rules which from long acquiescence have acquired the force of authority. The three legacies, in my opinion, are legacies to a class. *Matter of Kimberly,* 150 N. Y. 90; *Matter of Russell,* 168 id. 169; *Magaw* v. *Field,* 48 id. 668. Being legacies to a class, the legacies should be paid to those members of each class who were living at the time of the death of the testator when the gift was to take effect. *Magaw* v. *Field, supra; Campbell* v. *Rawdon,* 18 N. Y. 412. The additional words " share and share alike " do not alter the character of the bequest (*Hoppock* v. *Tucker,* 1 Hun, 132, affd., 59 N. Y. 202), but must be deemed under the circumstances to direct the method of payment among those of the class entitled to take.

Construction of a subsequent clause in the will of testator is also requested in this proceeding. The clause in question reads as follows: "All the rest, residue and remainder of my estate, if any, I give, devise and bequeath to such of my next of kin, and in such sums and on such conditions as my wife may provide in her last will and testament." It was in connection with the words " next of kin " in the foregoing clause of the will that some of the testimony hereinbefore referred to was given by the testator's attorney, all of which was disregarded by the surrogate. Helen Gorsch, the widow of the testator, still survives, so that there is no occasion at this time to construe that clause of the testator's will last above given. The construction requested will serve no useful purpose now and is not of any consequence in the present distribution of the estate of the testator. Occasion for the construction may never arise. Courts of construction will not proceed to pass upon questions which are abstract or academic, or in anticipation of events or

conditions which may never materialize. For the foregoing reasons the surrogate will not at this time proceed to construe this particular clause of the will. *Matter of Mount*, 185 N. Y. 162; *Matter of Bankers' Trust Co.*, 82 Misc. Rep. 375.

Decreed accordingly.