## In the Matter of the Will of NICHOLAS D. GOODING, Deceased.

Surrogate's Court, Rensselaer County, February 9, 1925.

**Wills — construction — petition by husband of widow of testator for construction of will that widow owned half of real property — petitioner claims that widow, now deceased, was indebted to him — petitioner does not have interest in estate of testator within meaning of Surrogate's Court Act, § 145, and cannot petition Surrogate's Court for construction of will — petitioner's claim as creditor of his deceased wife is not established.**

The husband of the widow of a testator does not have such an interest under section 145 of the Surrogate's Court Act in the estate of the testator as will authorize him to petition the Surrogate's Court for a construction of the will after the death of his wife, the widow of the testator, for the purpose of having it declared that the widow at the time of her death owned a half interest in real property left to her by the testator.

Furthermore, there is no real necessity for the construction of the will, where it appears that the petitioner's claim as a creditor of his deceased wife, the widow of the testator, has not been established.

PROCEEDING for the construction of a will.

*Heaton & Mambert*, for Chase G. Hathaway, petitioner.

*Harold J. O' Keeffe*, for Grace M. Willis, respondent.

WAGER, S.:

Nicholas D. Gooding died in the town of Hoosick, Rensselaer county, on the 11th day of July, 1907, leaving him surviving his widow, Gertrude B. Gooding (formerly Gertrude B. Robinson), and her daughter, Grace M. Willis, the respondent.

His will was duly probated and the executor therein named qualified on the 31st day of July, 1907. A judicial settlement was had in 1913. The widow, Gertrude B. Gooding, afterwards married the petitioner, Chase G. Hathaway, and died in November, 1923, leaving a will which was duly probated in the Surrogate's Court of Albany county. In her will the respondent, Grace M. Willis, is the sole legatee, devisee and executrix.

By his will the said Nicholas D. Gooding did devise " All the rest, residue and remainder of my estate both real and personal and wheresoever situated to my daughter Grace M. Willis and to Gertrude B. Robinson [afterwards the widow], share and share alike. In the event of the death of said Gertrude B. Robinson

Misc. 400]    Surrogate's Court, Rensselaer County, February, 1925.

before my daughter Grace M. Willis, then and in that case I give, devise and bequeath all my property, real and personal, to my daughter Grace M. Willis; and in the event of the death of my daughter Grace M. Willis before my death I give, devise and bequeath the portion of my estate bequeathed to her to my grandson."

Gooding left a farm in the town of Hoosick which passed to the widow and daughter under the will, and which farm was sold by them and real estate was purchased situated in the city of Albany. The deed to the last-mentioned real estate contained the following clause: " And the said Grace M. Willis and Gertrude B. Hathaway, parties of the second part hereto by signing this deed do hereby covenant and agree, each with the other, that the title of the said parties in and to the aforesaid premises shall be the same as their other title to the farm in the Town of Hoosick, Rensselaer County, New York, under the will of Nicholas D. Gooding, deceased."

The petitioner Hathaway claims that at the time of the death of his wife, Gertrude B. Hathaway, she was indebted on certain notes at the First National Bank of Hoosick Falls on which notes the petitioner was an indorser, and that he was liable for the payment of said notes, and that by reason thereof he was a creditor of the said Gertrude B. Hathaway, deceased, and for that reason asks that this court construe the will of Nicholas D. Gooding for the purpose of having it determined that Gertrude B. Hathaway (formerly Gertrude B. Gooding) was the owner in fee of an undivided one-half of the real estate left by Gooding at the time of his death.

The respondent does not admit that the petitioner is a creditor of Gertrude B. Hathaway and it is conceded that his claim or claims as a creditor has not been established before the Surrogate's Court of Albany county or in any other court.

The respondent has moved for a dismissal of the petition upon the grounds that this court has no jurisdiction to construe the will in question, and upon the further ground that the petitioner has no interest in the estate of Nicholas D. Gooding, deceased.

I am of the opinion that the respondent's motion must be granted.

*First.* For the reason that the petitioner has no interest in the estate of Nicholas D. Gooding, deceased, of such a character as would entitle him to petition this court for a construction of the will. The Gooding estate was administered and closed more than ten years prior to the filing of this petition. The petitioner was not mentioned in the will. He was not a creditor of Gooding, and had no interest in the Gooding estate such as would entitle

him to ask for a construction of the will. (Surrogate's Court Act, § 145.)

*Secondly.* No real necessity for the construction of the will is now apparent. The petitioner may never be able to establish his claim as a creditor, and if he does establish his claim this Surrogate's Court cannot now determine that it will not be paid by the representative of Gertrude B. Hathaway's estate. The courts have universally held that unless a real necessity for the construction of a will is disclosed in the petition, it must be dismissed.

Courts cannot proceed to adjudicate rights of parties under written instruments unless there is a real jurisdictional dispute about the rights flowing from such instrument, of which the court has jurisdiction. This court cannot determine the rights of parties upon a state of facts which has not yet arisen, or upon a matter which is speculative, future, contingent or uncertain. (*Matter of Spingarn,* 96 Misc. 141; *Matter of Harden,* 88 id. 420, 424; *Matter of Smith,* 96 id. 414, 418.)

" Courts of construction will not proceed to pass upon questions which are abstract or academic, or in anticipation of events or conditions which may never materialize." (*Matter of Gorsch,* 103 Misc. 156, 160; *Matter of Mount,* 185 N. Y. 162.)

The necessity of the construction of this will of Gooding may never be required, and even if a decree of construction should be made by this court it would be beyond the power and jurisdiction of the court to enforce the decree. If an occasion ever arises wherein the petitioner may deem it necessary to have the Gooding will construed, he must in my opinion resort to a court of greater equitable powers than the Surrogate's Court.

The petitioner's application is, therefore, denied without prejudice to the bringing of further proceedings or commencement of the proper action in a court of competent jurisdiction, as he may be advised.