STATE FARM MUTUAL AUTO INS. CO. *v.* WISE.

1. EQUITY—DECLARATION OF RIGHTS—STATUTES.

   A remedy should exist for every threatened invasion of one's legal rights, and specific permissive remedy, consisting of declaration of rights, is given by statute (3 Comp. Laws 1929, §§ 13903, 13904, 13908).

2. COURTS—JURISDICTION.

   Courts cannot proceed to adjudicate rights of parties under written instruments, unless there is a real jurisdictional dispute about the rights flowing from such instrument, of which the court has jurisdiction.

3. SAME—DECLARATION OF RIGHTS—CONTINGENT RIGHTS.

   A declaration of rights will not be made in a matter where the interest of the plaintiff is merely contingent upon the happening of some event (3 Comp. Laws 1929, § 13903 *et seq.*).

4. SAME—DECLARATION OF RIGHTS—JUDICIAL INVESTIGATION.

   Ordinarily a court will refuse a declaration of rights which can be made only after a judicial investigation of disputed facts, especially where the disputed questions of fact will be the subject of judicial investigation in a regular action (3 Comp. Laws 1929, § 13903 *et seq.*).

5. INSURANCE—DECLARATION OF RIGHTS—AUTOMOBILES—INDEMNITY POLICY.

   Insurer *held,* not entitled to declaration of rights under unambiguous automobile indemnity policy where question sought to be determined was its liability under policy exempting it therefrom if car was used in carrying passengers for hire or while engaged in a race or speed contest and any defense it may have may be raised after judgment in action by injured party against insured (3 Comp. Laws 1929, § 13903 *et seq.*).

6. APPEAL AND ERROR—APPOINTMENT OF GUARDIAN AD LITEM.

   Upon reversal of decree declaring rights under automobile indemnity insurance policy, petition for appointment of guardian *ad litem* for defendant minor insured is referred to trial court for such action as is found necessary.

Appeal from Allegan; Miles (Fred T.), J. Submitted April 23, 1936. (Docket No. 62, Calendar No. 38,875.) Decided December 8, 1936.

Petition by State Farm Mutual Auto Insurance Company, a corporation, against Hollis Wise, Katherine Mulder and Louise Marjorie Mulder for declaration of rights under an automobile insurance policy. Decree for plaintiff. Defendants appeal. Reversed.

*Alexander, McCaslin & Cholette,* for plaintiff.

*Carl E. Hoffman,* for defendants Mulder.

*Harry Pell,* for defendant Wise.

SHARPE, J. Plaintiff insurance company issued a policy of insurance to defendant Hollis Wise, an infant 17 years of age, against personal injury and property damage caused by the operation of his Ford car. A clause in the policy recites that the insurance company shall not be liable:

"While the automobile described herein is used in carrying passengers for compensation actual or implied, or as a taxi cab, rented or leased or is operated in any race or speed contest or is used for the transportation of high explosives of any nature, or intoxicating liquors, or for the illegal transportation of any property."

Defendant Wise resided in the country and attended Allegan High School. He carried some of the neighbor children to high school, receiving compensation for so doing. On October 3, 1934, while at school, defendant Wise and one Edward Maurer became involved in a discussion of the merits of Ford and Chevrolet cars, the result of which was

that defendant Wise offered to bet 50 cents or a quarter that his car could pass the car driven by Maurer. No bets were actually made, but the parties went out on a paved highway for the purpose of seeing if the Wise car could pass the Maurer car. The Maurer car started out first with the Wise car following. Wise, in attempting to pass, lost control of his car injuring defendant Louise Mulder who at the time was a passenger in the Wise car and who was one of the regular passengers that defendant Wise carried back and forth from high school. Louise Mulder by her next friend began suit against Wise. The insurance company entered an appearance for Wise, but at the same time informed him that it denied liability on the ground that the use of the car at the time of the accident came within the exception in the policy applying to carrying of passengers for hire.

Plaintiff insurance company then filed a petition for a declaratory judgment, alleging in its petition that there was no liability under the policy for the reason that Wise was transporting passengers for hire at the time of the accident. This petition was later amended, alleging the further reason that at the time of the accident the car was being operated in a race or speed contest. Upon hearing, the trial court found that the car was being operated in a race or speed contest and that the liability of the insurance company was avoided thereby. At the close of all proof, the attorney for defendants Mulder moved to dismiss plaintiff's petition upon the theory that the court was without jurisdiction in granting a declaratory judgment in this case.

Section 13903, 3 Comp. Laws 1929, provides:

"The court may, in cases of actual controversy, make binding declarations of rights whether any

consequential relief is or could be claimed, or not, including the determination at the instance of anyone interested in the controversy, of the construction of any * * * will or other instrument in writing, and a declaration of rights of the parties interested.''

In *Hasselbring* v. *Koepke,* 263 Mich. 466 (93 A. L. R. 1170), we held that a remedy should exist for every threatened invasion of one's legal rights, and specific permissive remedy, consisting of declaration of rights, is given by statute (3 Comp. Laws 1929, §§ 13903, 13904, 13908). And in *City of Muskegon Heights* v. *Danigelis,* 253 Mich. 260 (73 A. L. R. 696), we held that where a controversy existed between a city and certain taxpayers as to validity of bonds issued by city to relieve distress and suffering due to unemployment of inhabitants, and issues of fact were presented, evidence taken, and points of law raised in circuit court, Act No. 36, Pub. Acts 1929 (3 Comp. Laws 1929, § 13903 *et seq.*), authorizing courts of record to make binding declaration of rights, was applicable.

In *Washington-Detroit Theatre Co.* v. *Moore,* 249 Mich. 673 (68 A. L. R. 105), we said:

''The present act does not constitute a court a fountain of legal advice to fill the cups of loitering wayfarers.''

We also indicated in that case certain limitations for declaratory relief, citing *In re Gooding's Will,* 124 Misc. 400 (208 N. Y. Supp. 793), where the court said:

''Courts cannot proceed to adjudicate rights of parties under written instruments, unless there is a real jurisdictional dispute about the rights flowing from such instrument, of which the court has jurisdiction. This court cannot determine the rights of

parties upon a state of facts which has not yet arisen, or upon a matter which is speculative, future, contingent or uncertain. *Matter of Spingarn's Estate,* 96 Misc. 141, (159 N. Y. Supp. 605); *Matter of Harden's Estate,* 88 Misc. 420, 424 (150 N. Y. Supp. 743); *Matter of Smith,* 96 Misc. 414, 418, (160 N. Y. Supp. 514).

"Courts of construction will not proceed to pass upon questions which are abstract or academic, or in anticipation of events or conditions which may never materialize. *Matter of Gorsch's Estate,* 103 Misc. 156, 160 (169 N. Y. Supp. 1064, 1066); *Matter of Mount's Will,* 185 N. Y. 162 (77 N. E. 999)."

In *Washington-Detroit Theatre Co.* v. *Moore, supra,* we also said:

"A declaration will not be made in a matter where the interest of the plaintiff is merely contingent upon the happening of some event. *Hodges* v. *Hamblen County,* 152 Tenn. 395 (277 S. W. 901). * * *

"Ordinarily the court will refuse a declaration which can be made only after a judicial investigation of disputed facts, especially where the disputed questions of fact will be the subject of judicial investigation in a regular action. *Newsum* v. *Interstate Realty Co.,* 152 Tenn. 302 (278 S. W. 56)."

In the case at bar plaintiff filed a petition in which the relief prayed for was a declaration of its rights in connection with the insurance policy issued by it, but there was no threatened invasion of plaintiff's legal rights as in *Hasselbring* v. *Koepke, supra,* no such an emergency as was found in *City of Muskegon Heights* v. *Danigelis, supra,* nor any ambiguity in the terms of the policy. The question sought to be determined by petitioner insurance company is its liability under the policy of insurance issued to defendant Wise. In this cause the rights and duties of the insurance company are not in doubt; whatever

defense it may have under the terms of the policy may be raised after a judgment (if any) is obtained against defendant Wise and under such circumstances the petition must be dismissed.

Since this cause has reached our court a petition has been filed for the purpose of having a guardian *ad litem* appointed for the defendant Wise, a minor, but in view of our holding in this cause, the matter of the petition is referred to the trial court for such action as may be found necessary.

The decree of the trial court is reversed, and defendants Mulder may recover costs against the insurance company.

North, C. J., and Fead, Wiest, Butzel, Bushnell and Toy, JJ., concurred. Potter, J., took no part in this decision.