**NEW AMSTERDAM CASUALTY CO. v. BERGER et al.**

No. 4506.

District Court, E. D. Michigan, S. D.

April 4, 1945.

Alexander, McCaslin, Cholette & Buchanan, of Detroit, Mich., for plaintiff.

O'Brien & Nertney, of Detroit, Mich., for defendants Nathan and Irving Berger.

Schmier & Schmier, of Detroit, Mich., for defendants Meadows and Allstein.

LEDERLE, District Judge.

Plaintiff insurance company, by complaint filed herein, seeks a declaratory judgment of non-existence of a claimed liability insurance policy covering an automobile owned and operated by defendant Nathan Berger at the time it was involved in an accident with three other defendants. The complaint alleges that this purported policy and liability in connection with the accident are claimed to exist by defendants by virtue of a renewal and amendment of a former policy issued to defendant Irving Berger, which renewal and amendment are denied by plaintiff; that the defendants claim a policy with limits of $5,000 for one person and $10,000 for one accident, the terms of which would require plaintiff forthwith to investigate, adjust and/or defend the claims arising out of the accident, upon which claims defendants Meadows and Allstein have instituted damage actions in the Michigan state court against the alleged insured, Nathan Berger; that defendants claim plaintiff to be liable for payment of their damages by virtue of such policy; that, although plaintiff denies the existence of any policy or liability, insurance laws require it to carry a reserve for possible liability until a determination is made; that plaintiff is a New York Corporation and defendants are all citizens of Michigan.

Defendants Meadows and Allstein have moved to dismiss under Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, claiming the complaint fails to state a cause of action against them upon which relief can be granted because the cases of Wolverine Mutual Ins. Co. v. Clark, 277 Mich. 633, 270 N.W. 167, and State Farm Mutual Ins. Co. v. Wise, 277 Mich. 643, 270 N.W. 165, held that under the Michigan Declaratory Judgment Act (Comp.Laws, 1929, § 13903 et seq., M.S.A. 27.501, et seq.) relief would not be granted against the injured third persons on a complaint similar to this in the Michigan state courts.

Viewing such motion to dismiss as admitting the facts pleaded in the complaint (Midwest Haulers v. Brady, 6 Cir., 128 F.2d 496), it appears that this action involves an actual controversy of more than $3,000 between citizens of different states and, consequently, within the jurisdiction of this court by virtue of diversity of citizenship and amount involved. 28 U.S.C.A. § 41(1); Sun Printing Co. v. Edwards, 194 U.S. 377, 24 S.Ct. 696, 48 L.Ed. 1027; New Century Cas. Co. v. Chase, D.C., 39 F.Supp. 768.

Regardless of what Michigan courts might decide if a factual situation such as here presented were submitted to them, whether or not declaratory relief can be granted upon the complaint herein is a matter of procedure, governed by federal, and not by state, declaratory judgment law. Established federal procedure sanctions the maintenance of such an action by the alleged insurer against the alleged insured and injured third persons so that the insurance company can obtain in one action an immediate binding determination of the controversy over its rights and liabilities, upon which to predicate its future conduct. See: Rule 57 and 20, Federal Rules of Civil Procedure; 28 U.S.C.A. § 400; Sibbach v. Wilson, 312 U.S. 1, 61 S.Ct. 422, 85 L.Ed. 479; 3 Ohlinger's Fed. Practice, 741–779; 14 Cyc. Fed. Practice, 321–369; Annot. 142 A.L.R. 8–76; Maryland Cas. Co. v. Pac. Oil & Coal Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826; Maryland Cas. Co. v. Faulkner, 6 Cir., 126 F.2d 175; New Century Cas. Co. v. Chase, supra. Cf: Flanagan v. Harder, 270 Mich. 288, 258 N.W. 633.

An order is being entered simultaneously herewith overruling the motion of defendants Meadows and Allstein to dismiss.