RAYMOND *v.* AUTO-OWNERS' INSURANCE CO.

1. REFORMATION OF INSTRUMENTS—INSURANCE POLICY—EQUITY.
    Where it was understood between insured and insurer's agent that an automobile insurance policy with full coverage should be issued, but by mistake of insurer's agents a limited policy was applied for and issued, a court of equity has power to reform the contract to make it conform to the agreement actually made.[1]

2. INSURANCE—AUTOMOBILE INSURANCE—PRINCIPAL AND AGENT.
    Where an automobile dealer was an agent of an automobile insurance company, the latter was bound by the action of a salesman of the dealer in selling insurance to an automobile purchaser, since he was the agent of the insurer and not of the insured with respect to the insurance.[2]

---

[1]Insurance, 32 C. J. § 247; Reformation of Instruments, 34 Cyc. pp. 908, 925; [2]Insurance, 32 C. J. § 146.

3. APPEAL AND ERROR—QUESTION NOT BRIEFED TREATED AS ABAN-
   DONED.
   > The question that suit was prematurely brought is treated
   > by the Supreme Court as abandoned, where it was not
   > briefed.[3]

Appeal from Kalamazoo; Weimer (George V.), J.
Submitted June 23, 1926.    (Docket No. 108.)    De-
cided October 4, 1926.

Bill by George F. Raymond against the Auto-
Owners' Insurance Company and others to reform a
contract of insurance and fix liability thereunder.
From a decree for plaintiff, defendant insurance com-
pany appeals.    Affirmed.

*Frank F. Ford,* for plaintiff.

*Brown & Kelley,* for appellant.

CLARK, J.    Plaintiff, residing at Galesburg, bought
of R. E. Fair, a Ford dealer at Kalamazoo, a Ford
sedan on installment contract.    Orson Fair, a salesman
and agent of the dealer, made the sale.    The contract
required that the buyer provide insurance covering
fire, theft, and collision, agreeable to the requirements
of First Bond & Mortgage Company, to whom the
dealer assigned the contract, the policy to accompany
the contract.    The dealer was an agent of the de-
fendant Auto-Owners' Insurance Company to solicit
insurance.    The First Bond & Mortgage Company had
a verbal understanding with defendant insurer rela-
tive to insuring cars, as to fire, theft, and liability,
covered by contracts which it held.    But of that the
insurer's secretary testified that while the First Bond
& Mortgage Company was not in the insurance busi-
ness as such, still:

"They could make application of any kind that the

[3]Appeal and Error, 4 C. J. §§ 1588, 3057.

person is willing to pay for; yes, sir. * * * They were just agents."

But it was agreed and understood by and between plaintiff and the salesman at the time of sale that plaintiff was to have what is called full coverage, not only as regards fire, theft, and collision, but also personal injury, property damage and defense of suit usual in form and amount—this is not disputed. With the down payment plaintiff paid the amount required of him for such insurance. Plaintiff did not sign an application for insurance, but this was not here required, imperatively, by the defendant insurance company. The First Bond & Mortgage Company applied in plaintiff's name to defendant insurer for the policy but by mistake of either the dealer or his assignee, or both, agents of the insurer, the application was for fire, theft, and collision insurance only, and the policy was issued accordingly to protect both plaintiff and the assignee of the contract. The amount paid for the insurance was spread over the three items. The policy was held by the assignee. Plaintiff did not know of the mistake. Within a few days his car was in collision with another car, resulting in judgments against him for personal injury and property damage, and liability for costs of defense of suit, aggregating nearly $3,000, a part of which plaintiff satisfied, most of which is unpaid. Defendant insurer stood on the policy as issued and refused plaintiff's claims in this regard. Soon after the accident defendant itself learned of the mistake. It canceled the policy and for the same premium issued a new policy giving plaintiff the protection he had bargained for, but the second policy was dated after the accident. This bill was filed to reform the contract and fix liability thereunder. Plaintiff had decree. Defendant has appealed.

Plaintiff, ignorant of the policy actually issued, be-

lieved, as he had a right to, that he had the protection bargained for. Defendant issued the policy of course according to the application. But its agent or agents made a mistake in the application. A court of equity has power to reform the contract to make it conform to the agreement actually made. The facts require the exercise of that power. A controlling case is *Ovavez* v. *Insurance Co.*, 233 Mich. 305.

In these sales on installments, as arranged by the dealer, his assignee and the insurer, selling insurance was an incident to selling a car. The insurer here must have known that the dealer, in conducting at Kalamazoo his business of selling cars and insurance, necessarily employed subagents or salesmen and the insurer is therefore bound by the acts of the subagent, Orson Fair, in selling this insurance to plaintiff just as fully as it would have been bound if its agent, R. E. Fair, had, himself, made the sale. 14 R. C. L. p. 875. Fair, with respect to insurance, was the agent of the insurer, not of the insured. *Ames* v. *Insurance Co.*, 225 Mich. 44.

Early in its brief the insurer foreshadowed the defense that in any event this suit was prematurely brought. We presume it was intended to urge that until plaintiff had paid the judgments, costs, and expenses of suit he may not recover if the contract of insurance is of indemnity rather than of liability (*Griffin* v. *Surety Co.*, 231 Mich. 642), but as the question is not briefed we treat it as abandoned.

No other question requires discussion.

Decree affirmed. Costs to plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and McDONALD, JJ., concurred.