FIRST STATE SAVINGS BANK OF CROSWELL *v.* NATIONAL FIRE INSURANCE CO. OF HARTFORD, CONN.

1. REFORMATION OF INSTRUMENTS—INSURANCE POLICY—MISTAKE—EQUITY JURISDICTION.

Where, by mutual mistake, a tornado insurance policy did not cover the property intended and named the mortgagors as the insured instead of the mortgagee, a court of equity has jurisdiction to reform the policy to make it conform to the agreement of the parties.

2. INSURANCE—MORTGAGEE PROTECTED ALTHOUGH AT TIME OF LOSS IT WAS ABSOLUTE OWNER.

Where the purpose of an insurance policy was to protect whatever interest the mortgagee had in the insured property, the fact that subsequent to its issuance the mortgage was foreclosed, the equity of redemption expired, and the mortgagee became the absolute owner, did not affect its insurable interest, since it was not a stranger to the policy.

3. SAME—PROOFS OF LOSS—WAIVER.

Where an insurance company, after being notified of a loss by its agent, made an investigation and denied liability, it thereby waived its right to proofs of loss.

Appeal from Sanilac; Boomhower (Xenophon A.), J. Submitted October 4, 1928. (Docket No. 40, Calendar No. 33,942.) Decided December 4, 1928.

Bill by the First State Savings Bank of Croswell against the National Fire Insurance Company of Hartford, Conn., to reform a policy of insurance and to recover for a loss thereunder. From a decree for plaintiff, defendant appeals. Affirmed.

*George Flott* (*C. F. Gates,* of counsel), for plaintiff.

*Don R. Carrigan,* for defendant.

McDonald, J. The purpose of this suit is to reform a tornado policy of insurance and to recover damages for the loss of a barn which by the terms of the policy were payable to the plaintiff as mortgagee. At the time the policy was issued, the plaintiff's mortgage was being foreclosed. The property covered was bid in by the mortgagee at the sheriff's sale. As there was no redemption, the title became absolute in the plaintiff. A few days thereafter, a barn on the premises was destroyed by a windstorm. No proofs of loss were filed. The plaintiff gave notice of the loss to the defendant's agent who had written the insurance. The agent notified the company and an investigator or adjuster called on the plaintiff. It is claimed that he denied liability. After negotiations for a settlement had failed, the plaintiff began a suit at law to recover its damages. Shortly thereafter, it was discovered that there were two mistakes in the policy. *First,* the property described was not the property intended to be covered by the policy, and *second,* instead of naming the plaintiff as the insured, it named Van Nest and Cody,

the mortgagors. On petition of the plaintiff, the cause was transferred to the chancery side of the court. Appropriate pleadings were filed and the case came on for hearing, the result of which was that a decree was entered reforming the policy and granting the plaintiff damages for its loss in the sum of $1,000. From this decree the defendant has appealed.

It is first urged that the court in chancery had no jurisdiction to hear and to determine the issues involved for the reason that the plaintiff had an adequate remedy at law. The contention is without merit. *Raymond* v. *Insurance Co.*, 236 Mich. 393. The court had the power to reform the policy and was not in error in doing so. The testimony clearly shows that because of a mutual mistake the policy did not insure the person or the property intended to be insured. In view of that fact, the court was right in holding that the loss should be covered by the policy as reformed.

It is next urged that the plaintiff cannot recover because it was not shown that it had an insurable interest in the property at the time of the loss. It is true that when the equity of redemption expired the mortgagee's interest was extinguished and the absolute title became vested in the plaintiff. But though the plaintiff was the purchaser at the foreclosure sale, it was not a stranger to the insurance contract. When the policy was issued, it had an insurable interest in the property entirely separate from that of the mortgagor. It still had an insurable interest at the time of the loss. The only change was an increase of interest. The purpose of the insurance was to protect the plaintiff in whatever interest it had in the property at the time of the loss. It would be contrary to reason and justice to permit an in-

surer to escape liability merely because at the time of the loss the insured had acquired a greater interest in the property than he had when the policy was issued. In respect to this change of insurable interest, there is nothing in the policy to preclude the plaintiff from recovering its loss not exceeding the amount insured. The amount insured was much less than the actual loss.

It is further claimed that the plaintiff cannot maintain its suit on the policy because it failed to file proofs of loss. We think that the conduct of the defendant company following notice from its agent constitutes a waiver of its right to proofs of loss. When the loss occurred, the plaintiff notified the agent who wrote the insurance. The agent notified the company. The company sent on a representative who made an investigation, after which he denied liability. He testified:

"I was in Croswell in connection with this matter three different times. The first time I made a special trip up there for an investigation."

He further testified that he said to plaintiff's cashier:

"I believe I told him there was no moral hazard in connection with the risk or with the loss, but at the same time there was a question of liability possibly under the policy on account of ownership and it seemed there would be no liability under the policy; that in order to dispose of the matter we might consider a compromise settlement and I asked him if he had any offer to make that I might submit to the company."

After this investigation, from which the defendant evidently obtained sufficient information to enable it to determine its rights, and, after a denial of liability, what occasion was there for the filing of

proofs of loss as a condition precedent to the beginning of suit? It would have been a useless formality.

In reforming the policy and granting damages to the plaintiff in the sum of $1,000, the trial court correctly disposed of the issues.

The decree is affirmed, with costs to the plaintiff.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.