HAMMEL v. UNITED STATES FIDELITY & GUARANTY CO.

1. INSURANCE—REFORMATION OF INSTRUMENTS—MISTAKE.
    Where the sole purpose of an insurance policy was to indemnify
    plaintiff against liability for injuries to workmen employed
    under a contract between him and another, which both plaintiff
    and the insurance agent construed as creating the relationship
    of owner and independent contractor, but which the court con-
    strued as creating a partnership, the mistake was not one of
    law as to the effect of the policy issued, but of law in con-
    struing the contract, and plaintiff is therefore entitled to have
    the policy reformed to carry out and effectuate the intention of
    the parties the same as if the mistake had been one of fact.

2. REFORMATION OF INSTRUMENTS—MUTUAL MISTAKE.
    Reformation is a proper remedy for mutual mistake of fact.

3. INSURANCE—REFORMATION OF INSTRUMENTS.
    The mistake of an insurance agent in issuing the wrong form
    of policy may be corrected by reformation.

Appeal from Wayne; White (Charles E.), J.,
presiding. Submitted January 31, 1929. (Docket
No. 8, Calendar No. 34,066.) Decided March 29,
1929.

Bill by Godfrey Hammel against the United
States Fidelity & Guaranty Company praying ref-
ormation of an insurance policy and a money decree.
From a decree for plaintiff, defendant appeals.
Affirmed.

*Payne & Payne,* for appellant.

*Wm. Henry Gallagher,* for appellee.

FEAD, J. Plaintiff purchased some lots in Detroit
and made a contract with one Rubenstein, under

On right to reformation of insurance policy for mistake of
soliciting agent, see annotation in 11 L. R. A. (N. S.) 357.
    As to right to relief from mistake of law as to effect of insur-
ance policy, see annotation in 28 L. R. A. (N. S.) 831.

which plaintiff furnished the money and Rubenstein built houses on the lots, the profits on the sales to be divided between them. The contract was drafted by plaintiff's attorney under instructions to create the relationship of owner and independent contractor. Plaintiff applied to defendant's agent for a policy of insurance against claims of workmen for injuries. The agent sent him an ordinary workmen's compensation policy. Plaintiff refused it as he had no pay roll. The agent called on him, examined the Rubenstein contract, and wrote plaintiff an owner's contingent policy which would cover plaintiff if Rubenstein were an independent contractor.

An employee of a subcontractor was injured through Rubenstein's negligence and brought suit against him and plaintiff. Defendant conducted the defense in circuit court. The court left the construction of the contract to the jury, to determine whether plaintiff and Rubenstein were owner and independent contractor or partners. The jury held they were partners and rendered verdict against both. After judgment, defendant collected further premiums from plaintiff and denied liability because plaintiff was not an independent owner. On review of the case in this court, *Keiswetter* v. *Rubenstein*, 235 Mich. 36 (48 A. L. R. 1049), the contract was held to have created a joint enterprise, and judgment against this plaintiff was affirmed. Plaintiff paid the judgment and brought this action to reform the policy and to recover money damage. The circuit court decreed the relief prayed for.

The sole purpose of the insurance was to indemnify plaintiff against liability for injuries on the Rubenstein job. Both plaintiff and defendant's agent construed the Rubenstein contract as creating

the relationship of owner and independent con-
tractor. The agent selected the form of policy.
There was no fraud or misconduct in the transaction,
as the policy was appropriate to the conditions as
the parties understood them. Had they construed
the contract as this court afterward held it, the
agent could, and doubtless would, have issued an
effective policy in another form. Aside from estop-
pel, the principal question is whether the mutual
mistake of plaintiff and defendant's agent in con-
struing the Rubenstein contract and determining
plaintiff's status permits the remedy of reforma-
tion, defendant contending that the mistake was one
of law and precludes the remedy.

The mistake was not one of law as to the effect
of the policy issued. It was of law in construing
the antecedent contract. It resulted in a policy
which did not carry out and effectuate the intention
of the parties to cover plaintiff in his liability aris-
ing out of the Rubenstein contract. 28 L. R. A.
(N. S.) 792, note. The applicable rule is stated in
Pomeroy's Equity Jurisprudence (4th Ed.), § 849,
quoted in substance in *Renard* v. *Clink,* 91 Mich. 1:

"Wherever a person is ignorant or mistaken with
respect to his own antecedent and existing private
legal rights, interests, estates, duties, liabilities, or
other relation, either of property or contract or per-
sonal *status,* and enters into some transaction the
legal scope and operation of which he correctly ap-
prehends and understands, for the purpose of af-
fecting such assumed rights, interests, or relations,
or of carrying out such assumed duties or liabilities,
equity will grant its relief, defensive or affirmative,
treating the mistake as analogous to, if not identical
with, a mistake of fact."

See, also, 28 L. R. A. (N. S.) 840, note; *Living-
stone* v. *Murphy,* 187 Mass. 315 (72 N. E. 1012, 105

Am. St. Rep. 400); *Wyche* v. *Greene,* 16 Ga. 49; 23 R. C. L. p. 324.

Reformation is a proper remedy for mutual mistake of fact.

In addition to the application of this principle, we have here a specialized kind of contract. The variety of forms of insurance policies, the fact that they are prepared by the insurer, are not the subject of negotiation and agreement as are ordinary contracts, the particular form is selected by the agent of the insurer, and the known general ignorance of the public on insurance matters, raise equitable considerations which forbid strengthening and induce relaxing the rules in order to work out the actual and intended purpose of a policy. The mistake of an agent in issuing the wrong form of policy may be corrected by reformation. *Raymond* v. *Auto-Owners' Insurance Co.,* 236 Mich. 393; *Esch Bros.* v. *Home Insurance Co.,* 78 Iowa, 334 (43 N. W. 229, 16 Am. St. Rep. 443); *Harris* v. *Columbiana County Mut. Ins. Co.,* 18 Ohio, 116 (51 Am. Dec. 448); 14 R. C. L. p. 902.

In the case at bar, reformation will result, not in making a new contract as urged by defendant, but in giving effect to the purpose of the insurance and the intention of the parties to cover plaintiff's liability in a particular situation. The defendant is not injured by reformation because a correct construction of the antecedent contract would merely have resulted in the issuance of a different form of policy which would have been effective.

The decree is affirmed, with costs.

North, C. J., and Fellows, Wiest, Clark, McDonald, Potter, and Sharpe, JJ., concurred.