HEATH DELIVERY SERVICE *v.* MICHIGAN MUTUAL LIABILITY CO.

1. INSURANCE—REFORMATION OF INSTRUMENTS—MISTAKE—FRAUD.
    Either mistake or fraud is ground for reformation of insurance policy to cover property intended.

2. SAME—FRAUD NOT PRESUMED.
    Where insurance policy does not cover property intended, due to either fraud or mistake on part of insurer, fraud will not be presumed, and, in absence of explanation by insurer, omission must be attributable to mistake, warranting reformation of policy.

As to reformation of insurance policy for mistake of soliciting agent, see annotation in 11 L. R. A. (N. S.) 357.

On reformation of insurance policy from failure to read, see annotation in 2 L. R. A. 65.

3. SAME—FAILURE TO READ POLICY.

While it is duty of insured to read policy, failure to read does not always prevent its reformation to cover property intended.

4. SAME—CHECKING PROPERTY LISTED IN POLICY.

Mere failure of insured to check vehicles listed in policy does not prevent its reformation to include two vehicles omitted through mistake or fraud of insurer.

5. CONTRACTS—DUTY TO READ CONTRACT—EQUITY.

Rule requiring party to read contract is not rule of thumb, but one of equity and sense.

6. REFORMATION OF INSTRUMENTS—CONTRACTS—FAILURE TO READ.

Rule requiring party to read contract does not apply to prevent its reformation where undisputed testimony shows agreement of parties, that executed contract does not express agreement, and that defendant received compensation for true contract.

Appeal from Ingham; Collingwood (Charles B.), J. Submitted January 20, 1932. (Docket No. 208, Calendar No. 35,672.) Decided March 2, 1932.

Bill by Heath Delivery Service, Inc., a Michigan corporation, against Michigan Mutual Liability Company, a Michigan corporation, to reform an insurance policy. Bill dismissed. Plaintiff appeals. Reversed.

*Carl J. Thrun* (*Thrun & Thrun,* of counsel), for plaintiff.

*L. J. Carey* and *George J. Cooper,* for defendant.

FEAD, J. This is a bill to reform an automobile insurance policy on the ground of mutual mistake. Plaintiff is engaged in the truck delivery business, and in 1928 and 1929 carried fleet insurance on its vehicles in defendant company. As vehicles were purchased, additions to policies were made from

time to time, and defendant always made the proper indorsements. On May 15, 1929, plaintiff purchased two trailers on contract, and the seller took a policy with defendant company for fire, theft, and $100 deductible collision insurance, for the benefit of both itself and plaintiff. In 1930, others were soliciting plaintiff's business, and, on January 13th, it addressed a letter to several insurers, including defendant, listing 20 cars, trucks, tractors, and trailers, among them the two trailers purchased in May, and asking rates on the whole fleet for public liability, property damage, fire, theft, and $50 deductible collision insurance.

Agents of defendant called on plaintiff in response to the letter, told it defendant had ceased writing fire, theft, and collision insurance, but that they could place it through an agency, and that defendant would write the public liability and property damage risk. Plaintiff had estimates from other companies, and discussion was had as to rates. Defendant's agents finally said it would insure the vehicles listed in the letter for about $660, with a credit as dividend on the old policy. The offer was accepted, and the order for insurance of the 20 vehicles was given. About February 1st, a policy was delivered to plaintiff, effective January 26th, with premium of $668.81. Plaintiff did not check the vehicles listed in the policy. The policy included all those mentioned in the letter except the two trailers purchased in 1929. When the policy was delivered, plaintiff signed an application for insurance which referred to a schedule attached. Plaintiff did not see the schedule, did not know whether it was attached when he signed, and there was no proof that it was part of the application at the time of its execution.

March 22d, one of plaintiff's trains, including one of the omitted trailers, was involved in a collision. Plaintiff immediately notified defendant, and received no reply. Suit against plaintiff for damage was commenced June 2d, of which it gave defendant notice. The latter's representative interviewed the driver involved in the accident, but also told plaintiff that they could not find that the trailer was covered by the policy. Plaintiff had supposed it was, but on examination the omission was discovered. On June 11th, defendant formally denied liability.

On June 19th, defendant sent plaintiff a bill for $10.44, together with indorsement of additional coverage on the policy of May 15th, effective as of that date, and covering public liability and property damage in the same amounts as in the January policy. The record does not show that plaintiff gave defendant any order for this insurance nor how it came to be billed and indorsement prepared. August 8th, plaintiff tendered the premium but on condition that the effective date be January 26th, which was refused by defendant.

At the conclusion of plaintiff's case, defendant moved for and had decree dismissing the bill, on the ground that there was no evidence of mistake on the part of defendant. The testimony is undisputed and leaves no doubt that plaintiff and defendant's agents agreed that the policy should cover the 20 vehicles and provide all the kinds of insurance listed in the letter. Through defendant's fault the policy did not cover the property intended. The fault was due to mistake or fraud. Either is a ground for reformation. Fraud will not be presumed, and, in the absence of explanation by defendant, the reason for the omission cannot be known and must be attributable to mistake.

Where through fault of the insurer an insurance policy does not cover the person or property intended, it may be reformed. *North American Fire Ins. Co.* v. *Throop,* 22 Mich. 146 (7 Am. Rep. 638); *First State Savings Bank* v. *National Fire Ins. Co.,* 244 Mich. 668; *Ovavez* v. *Patrons' Mutual Fire Ins. Co.,* 233 Mich. 305; *Raymond* v. *Auto-Owners' Ins. Co.,* 236 Mich. 393.

Defendant further urges that plaintiff is not entitled to a decree because he was negligent in not reading the policy and checking the vehicles. It has been held that it is the duty of an insured to read the printed conditions of a policy, and that he cannot rely on the implied or assumed powers of an agent or his representation of the terms. *Cleaver* v. *Traders' Ins. Co.,* 65 Mich. 527 (8 Am. St. Rep. 908); *Drogula* v. *Federal Life Ins. Co.,* 248 Mich. 645. Failure to read does not always prevent reformation. 23 R. C. L. p. 351; 14 R. C. L. p. 904; 53 C. J. p. 975; 20 Ann. Cas. 365, note. No decisions were cited that a mere failure to check the property in the policy prevents reformation. If it did, there would be few, if any, cases where a policy is reformed. The rule requiring a party to read a contract is not a rule of thumb, but one of equity and sense. It cannot apply where the undisputed testimony shows the agreement of the parties, that the executed contract does not express that agreement, and that the defendant received compensation for the true contract.

Decree will be reversed, and one entered for reformation, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.