### FLANNIGAN v. HARDER.

Appeal and Error — Trial — Instructions — Contributory Negligence.

In pedestrian's action for damages for personal injuries received while walking along highway when overtaken by defendant's automobile, instruction that recovery would be precluded if plaintiff was guilty of any negligence which contributed to accident and but for which accident would not have occurred irrespective of the negligence of defendant *held*, not so prejudicial as to result in miscarriage of justice, where other portions of charge and special questions submitted to the jury presented issue of contributory negligence so that it could not have been misunderstood (3 Comp. Laws 1929, § 15518).

Appeal from Newago; Pugsley (Earl C.), J. Submitted June 12, 1934. (Docket No. 117, Calendar No. 37,906.) Decided October 1, 1934.

Case by Lawrence Flannigan against Edmund G. Harder, by Herman P. Harder, guardian *ad litem*, for personal injuries received in an automobile accident. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*William J. Branstrom,* for plaintiff.

*Harry D. Reber, Penny & Clark* (*William E. Robb* and *Don W. Van Winkle,* of counsel), for defendant.

NORTH, J. This is a suit arising out of an automobile accident. Plaintiff had verdict and judgment. He claims that while he was walking along a paved highway in a lawful manner he was struck and injured by an automobile going in the same direction and driven by defendant. The issues of defendant's negligence as a proximate cause and plaintiff's contributory negligence were submitted to a jury. In part the court charged the jury:

"If the plaintiff was guilty of any negligence which contributed to the accident, and except for which the accident would not have occurred, irrespective of the negligence of. the defendant Harder, then the plaintiff cannot recover."

Appellant makes the quoted portion of the charge the sole basis of this appeal. On the record before us defendant's negligence is conceded, and decision is controlled by the question of plaintiff's contributory negligence.

The quoted portion of the charge is not a correct definition of contributory negligence. *Rockwell* v. *Railway Co.,* 253 Mich. 144. But careful reading discloses that the quoted words were not given as a definition of contributory negligence. Instead the court therein asserted and instructed the jury that plaintiff could not recover if his negligence was the sole cause of the accident. Correctness of this statement will not be challenged. But assuming that the jury might have construed the quoted statement as a definition of contributory negligence, the question

remains:—was it prejudicial? 3 Comp. Laws 1929, § 15518.

In the *Rockwell Case* the challenged portion of the charge really had to do with the extent or scope of the burden of proof on the issue of contributory negligence, rather than a definition of contributory negligence; and the trial judge in the *Rockwell Case* limited this burden to a showing by plaintiff that his negligence "was not the proximate cause of the injury." As pointed out by our decision in that case, the statement was too narrow and further: "This instruction was emphasized by frequent repetitions throughout the charge;" and it was also noted that under the proofs in the *Rockwell Case* "contributory negligence was a close question."

In the instant case the issue of contributory negligence is by no means a "close question." Instead the record is such that plaintiff might well have asked the trial court to hold as a matter of law that plaintiff was not guilty of contributory negligence. However, we do not plant decision on that ground. In addition to the above quoted portion, the trial judge in his charge to the jury repeatedly touched upon the question of contributory negligence. These other portions of the court's charge, together with special questions submitted, were such that the jury could not have misunderstood the issue of contributory negligence, notwithstanding that part of the charge isolated by appellant and made the basis of his appeal. Immediately preceding this quoted part of the charge the court instructed the jury:

"I charge you further, as a matter of law, that to enable the plaintiff to recover, he has the burden of proof of establishing by a fair preponderance of the evidence, first, that the defendant was guilty of negligence and, second, that he was himself free

from any negligence which *contributed* to the accident.''

A little later in the charge the court again said:

''I have already stated to you that to entitle the plaintiff to recover you must find, from a preponderance of the evidence, that the plaintiff himself was free from contributory negligence. Contributory negligence in order to constitute a defense must have been negligence *contributing* to the injury itself, for which the action is brought. Contributory negligence is such action as *contributes* by direct consent to or participation in the injury complained of. One cannot recover for an injury caused by another if his own negligence *contributed* thereto. Where a party by his own negligence *contributes* to his own injury he cannot recover excepting where the defendant is guilty of gross negligence, and there is no claim of gross negligence in this case.''

From the record it also appears that four separate questions were submitted to the jury. Each of them was aimed at plaintiff's contributory negligence. We quote as to only one of them:

''Did the failure of the plaintiff to exercise due care for his own safety at the time of the accident *contribute* in any degree to the accident? Answer: No.''

In view of the above noted phases of the record, it would be going beyond all reason to hold that the quoted portion of the charge upon which appellant relies constituted reversible error.

Judgment is affirmed. Costs to appellee.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.