FLANAGAN v. HARDER.

1. FRAUDULENT CONVEYANCES—AUTOMOBILE INSURANCE—JUDGMENT.
   Insolvent insured motorist's release of insurer without considera-
   tion a day before rendition of judgment against him *held*,
   properly set aside at suit of judgment creditor, the case being
   controlled by *Iden* v. *Huber*, 259 Mich. 3 (3 Comp. Laws 1929,
   §§ 13392–13405).

2. EQUITY—ADEQUACY OF REMEDY AT LAW—JURISDICTION.
   It is not a matter of course to deny relief in equity when the
   decision at law cannot cover the whole controversy and the
   court of equity, having taken jurisdiction of the subject
   matter and the parties for one purpose, will retain it to settle
   all disputes relating to the same subject matter between the
   parties.

3. INSURANCE — AUTOMOBILES — REFORMATION OF INSTRUMENTS —
   EQUITY.
   In suit by judgment creditor of insolvent motorist to reform
   latter's automobile insurance policy and set aside fraudulent
   release, record *held*, to justify reformation of erroneous de-
   scription in policy which had been occasioned by mutual mis-
   take of parties or the mistake was one made by insurer's
   agent.

4. SAME — AUTOMOBILES — JUDGMENT CREDITORS — FRAUDULENT RE-
   LEASE.
   Person injured in automobile accident has a sufficient interest
   in the insolvent motorist's policy after judgment and return
   of an unsatisfied execution to be able to have policy reformed
   if necessary, especially where insurer attempts to deprive in-
   jured party of legal rights by means of fraudulent release (3
   Comp. Laws 1929, § 12460).

5. EQUITY — JURISDICTION — INSURANCE — REFORMATION OF INSTRU-
   MENTS — FRAUDULENT CONVEYANCES — MONEY DECREE — GARNISH-
   MENT.
   In suit by judgment creditor of insolvent motorist to reform
   latter's insurance policy by altering description to cover car
   involved in accident and to set aside fraudulent release, after
   reforming policy and setting aside release, jurisdiction is re-

tained to affirm money decree for plaintiff, where he had hitherto unsuccessfully attempted collection by way of garnishment after judgment.

FEAD and WIEST, JJ., dissenting in part.

Appeal from Newago; Pugsley (Earl C.), J. Submitted October 9, 1934. (Docket No. 121, Calendar No. 38,100.) Decided January 29, 1935.

Bill by Lawrence Flanagan against Edmund G. Harder, by Herman P. Harder, guardian *ad litem,* and Citizens Mutual Automobile Insurance Company, a Michigan corporation, to reform an automobile insurance policy, set aside a release, procure a money decree and for other relief. Decree for plaintiff. Defendants appeal. Affirmed.

*William J. Branstrom,* for plaintiff.

*Don W. VanWinkle* and *Penny & Clark,* for defendant Citizens Mutual Automobile Insurance Company.

BUSHNELL, J. Flanagan secured a judgment of $10,500 because of injuries suffered when struck by an automobile driven by Harder. This judgment was affirmed in *Flanagan* v. *Harder,* 268 Mich. 564. After judgment in the circuit court Flanagan obtained a writ of garnishment against defendant insurance company, which filed a disclosure denying liability and alleging that although it had issued a policy of insurance to Harder prior to the accident, it was not on the automobile involved, which fact was not discovered until after it had entered upon the defense of Harder's suit. Defendant company further denied any indebtedness because of a release executed by Harder on November 28, 1933, being the day before the judgment was rendered.

Plaintiff then filed a bill in equity in which he prayed (1) that the automobile involved in the accident be decreed to be the same automobile covered by the policy; (2) that the release be set aside as fraudulent and without consideration; (3) that defendant company be required to amend its disclosure and admit liability; (4) that a money decree be entered and execution issue forthwith.

Defendant company answered and moved to dismiss the bill, which motion was denied. With the exception of certain exhibits, the record contains only the uncontradicted testimony of defendant Harder. Defendants appeal from a final decree in which plaintiff is granted the relief for which he prayed, and contend that the trial court erred in that (1) plaintiff's bill should have been dismissed because of the adequacy of the law remedy and the failure to state a cause requiring equitable relief; (2) equity does not possess jurisdiction to reform the insurance contract upon the complaint of one not a party thereto, nor to reform a pleading at law.

That such a release may, and in this instance should be set aside, follows from the reasoning of Mr. Justice POTTER in *Iden* v. *Huber,* 259 Mich. 3, which case is controlling. Having determined this, we may modify the decree and permit the law court to proceed with the garnishment action. But neither may the release be canceled nor the policy reformed in the law action. However, ''it is not a matter of course to deny relief in equity when the decision at law cannot cover the whole controversy.'' *Eaton* v. *Trowbridge,* 38 Mich. 454, 456. And a court of equity having taken jurisdiction of the subject matter and the parties for one purpose, will retain it to settle all disputes relating to the same subject matter between the parties. *Rickle* v. *Dow,* 39 Mich. 91, and *Chase* v. *Boughton,* 93 Mich. 285. But before

this rule can be applied, some ground of equitable jurisdiction must first be asserted and. established, *Sharon* v. *Fee,* 203 Mich. 152. . Plaintiff asserts that under the provisions of the uniform fraudulent conveyance act, 3 Comp. Laws 1929, §§ 13392–13405, equity should set aside the release.   The *Iden Case, supra,* sustains that contention.

Proofs were taken as to the identity of the car insured, from which it appears that the policy in question as written by defendant company's agent covered a second-hand, six-cylinder Studebaker roadster, 1930 model, engine No. 480622, factory No. 78449, which the secretary of State avers was not registered in Michigan.   The car which struck plaintiff, and the only one owned by Harder, was a Studebaker Royal Roadster, motor No. 11736, serial No. 8011183.   Equity will reform erroneous descriptions in contracts of insurance where occasioned by mutual mistakes, or where the mistake was made by the company's agent.   *Ovavez* v. *Patrons'. Mutual Fire Ins. Co.,* 233 Mich. 305.

"Where through fault of the insurer an insurance policy does not cover the person or property intended, it may be reformed."   *Heath Delivery Service* v. *Michigan Mutual Liability Co.,* 257 Mich. 482.

See, also, *Wilson* v. *Livingston County Mutual Fire Ins. Co.,* 259 Mich. 25.

Harder, had he not released his interest, could have filed a bill to reform the policy.   The proofs show the insolvency of Harder, a situation contemplated by 3 Comp. Laws 1929, § 12460, which reads in part:

"No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable, or against loss or damage to prop-

erty caused by draft animals or by any vehicle drawn, propelled or operated by any motive power, and for which loss or damage the person insured is liable, shall be issued or delivered in this State by any corporation or other insurer authorized to do business in this State, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his or her personal representative in case death results from the accident, because of such insolvency or bankruptcy, then an action in the nature of a writ of garnishment may be maintained by the injured person, or his or her personal representative, against such corporation or other insurer under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy."

The injured person, after judgment and the return of an unsatisfied execution, has a substantial interest in the insolvent's policy, and should be able to have the policy reformed if necessary, especially where the insurer attempts to deprive the injured party of legal rights by means of a fraudulent release.

We are satisfied from the record that the car which struck Flanagan was the one insured by defendant company, and that the erroneous description in the policy was caused by either the mistake of defendant's agent, or the mutual mistake of the parties. It would be idle and circuitous to hold the release bad, set aside the remainder of the decree and leave the parties to the trial of the garnishment action, when we can determine the entire controversy by disposing of the equity appeal. Such action does not require a determination of the question of the

reformation of the garnishment disclosure. The *Iden Case* is sufficient authority to affirm the decree, with costs to appellees. It is so affirmed.

POTTER, C. J., and NELSON SHARPE, NORTH, BUTZEL, and EDWARD M. SHARPE, JJ., concurred with BUSH-NELL, J.

WIEST, J. (*concurring in part*). Upon reformation of the contract of insurance the issue against the garnishee defendant was one at law to be tried, in form and method, fixed by statute on the subject. The affidavit for the writ of garnishment, upon filing of the disclosure, stood as a declaration and called for framing an issue as to the garnishee's liability to plaintiff, with right of either party to demand a trial by jury. 3 Comp. Laws 1929, §§ 14867, 14868.

I concur in the reformation of the contract but not in the short-cut against the garnishee defendant under its disclosure.

FEAD, J., concurred with WIEST, J.