BIONDO v RIDGEMONT INSURANCE AGENCY, INC

Docket No. 48161. Submitted November 17, 1980, at Detroit.—Decided March 3, 1981.

Salvatore Biondo and Fiofinanni V. Maniaci brought suit in Macomb Circuit Court against Ridgemont Insurance Agency, Inc., and Wolverine Insurance Company claiming that they requested Ridgemont to change their insurance coverage from an old piece of equipment to a new one. Ridgemont, the agent of Wolverine, conceded that such a request might have been made but that it had no record of it. Wolverine was never informed of the requested change. The piece of equipment that plaintiffs sought coverage for was stolen and Wolverine denied coverage. Wolverine settled with plaintiffs after this action was started and was dismissed from the action. Ridgemont then filed a cross-claim against Wolverine for reformation of the insurance policy to include the stolen piece of equipment on the ground of mutual mistake and for indemnity, should reformation be granted. Wolverine moved for summary judgment on the ground that Ridgemont was not entitled to have the insurance contract reformed because it was not a party to the contract, it did not have clean hands, and was negligent in its own right. Wolverine's motion for summary judgment was granted, Hunter D. Stair, J. Ridgemont apppeals. *Held:*

Ridgemont has no standing to seek reformation of the contract because it was not an immediate party to the contract, it does not stand in privity with either of the parties to the contract and because there was no mutual mistake of the parties to the contract.

Affirmed.

1. INSURANCE — REFORMATION OF CONTRACT — MISTAKE — FRAUD.

An insurance policy may be reformed by a court of equity in a proper case, such as where there is mistake or fraud.

REFERENCES FOR POINTS IN HEADNOTES

[1] 43 Am Jur 2d, Insurance §§ 358, 359.
Reformation of property insurance policy to correctly identify property insured. 25 ALR3d 1232.
[2] 43 Am Jur 2d, Insurance §§ 375, 376.
[3] 66 Am Jur 2d, Reformation of Instruments §§ 60-62, 100.

2. INSURANCE — REFORMATION OF CONTRACT — MISTAKE.
>    Reformation of an insurance contract on the ground of mutual mistake of fact will not be granted unless it is established by clear and satisfactory evidence that a mutual mistake of substantial and material fact has been made by the parties.

3. REFORMATION OF INSTRUMENTS — PARTIES — PARTIES IN PRIVITY.
>    Reformation of written instruments may be had by the immediate parties and by those standing in privity with them.

*Provizer, Eisenberg, Lichtenstein & Pearlman, P.C.* (by *Randall Phillips),* for Ridgemont Insurance Agency, Inc.

*Hibbs & Lewis, P.C.,* for Wolverine Insurance Company.

Before: N. J. KAUFMAN, P.J., and R. B. BURNS and J. W. WARREN,* JJ.

J. W. WARREN, J. This is an appeal by Ridgemont Insurance Agency, Inc. (Ridgemont), from the grant of summary judgment in favor of Wolverine Insurance Company by Macomb County Circuit Judge Hunter D. Stair.

In 1976, plaintiffs Biondo and Maniaci purchased a 1969 Case endloader and obtained theft insurance coverage by Wolverine through Wolverine's agent, Ridgemont. In May, 1977, plaintiffs replaced the 1969 Case loader with a 1977 Massey-Ferguson crawler-loader. Plaintiffs claimed that they requested Ridgemont to change the coverage from the 1969 loader to the 1977 loader. Ridgemont concedes that it is possible that plaintiffs did make such a request. However, neither plaintiffs nor Ridgemont informed Wolverine of the requested change.

It appears that the 1977 loader was stolen from

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the jobsite over the 1977 Labor Day weekend. Wolverine denied coverage on the 1977 crawler-loader, and plaintiffs filed suit against both Wolverine and Ridgemont.

During the litigation, Wolverine settled with plaintiffs and agreed to pay plaintiffs an amount roughly equal to the value of the 1969 endloader in exchange for dismissal of Wolverine from the action.

Following this settlement, Ridgemont sought to file a cross-claim against Wolverine for reformation of the insurance policy to include the 1977 crawler-loader and for indemnity, should reformation be granted. The court granted leave to file a cross-claim, and such claim was filed. Ridgemont's ground for reformation was based on a claim of innocent mutual mistake of fact in that plaintiffs' deposition testimony indicated that plaintiffs' representative had called Ridgemont on May 10, 1977, a day after the 1977 loader was picked up, and indicated to Ridgemont that the equipment had been acquired. The caller indicated that she had spoken with a "Sally", an employee of Ridgemont. There was, at the time of the call, a Ridgemont employee by that name. Prior to the theft, the plaintiffs made no follow-up call to determine if coverage had in fact been provided. Ridgemont apparently had no record of such a call and never requested Wolverine to issue a policy covering the 1977 equipment.

Wolverine's motion for summary judgment was bottomed, in part, on the contentions that Ridgemont was not entitled to have the insurance contract reformed to include coverage on the 1977 equipment because it was not a party to the contract of insurance, it did not have clean hands, and was negligent in its own right. Following oral

argument on August 27, 1979, Wolverine's motion was granted.

The issue in this case is whether Ridgemont, the agent of Wolverine, has standing to seek reformation of the insurance contract existing between Wolverine and plaintiffs.

An insurance policy may be reformed by a court of equity in a proper case, such as where there is mistake or fraud. *Heath Delivery Service v Michigan Mutual Liability Co,* 257 Mich 482; 241 NW 191 (1932), *Flanagan v Harder,* 270 Mich 288; 258 NW 633 (1935). Reformation of an insurance contract on the ground of mutual mistake of fact will not be granted, however, unless it is established by clear and satisfactory evidence that a mutual mistake of a substantial and material fact has been made by the parties. 11A Callaghan's Michigan Pleading & Practice (2d ed), § 85.56, p 143, *Goldman v Century Ins Co,* 354 Mich 528; 93 NW2d 240 (1958). Reformation of written instruments may be had by the immediate parties and by those standing in privity with them. Callaghan, *supra,* § 85.58, p 146, 76 CJS, Reformation of Instruments, § 47, p 400, *Citizens' Mutual Automobile Ins Co v Downing,* 339 Mich 434; 64 NW2d 660 (1954).

Because appellant was not an immediate party to the contract of insurance it desires to have reformed (the contract covering the 1969 equipment),[1] and because it does not stand in privity

---

[1] Appellant's reliance upon *Scott v Grow,* 301 Mich 226; 3 NW2d 254 (1942), and *Flanagan v Harder, supra,* is not well-founded. *Scott* would require privity and mutual mistake of the parties to the original instrument before reformation is available. *Flanagan* did not hold that all persons who may be adversely affected if reformation is not allowed are entitled to reformation. The case held that where an injured plaintiff obtained a sizeable judgment against an insolvent owner of an automobile, and where the circumstances were such that the owner of the automobile could have filed to reform his insurance contract (thereby providing a source of funds with which to pay the

with either of the parties to that contract, and because there was no mutual mistake of the parties to that contract, this Court concludes that appellant has no standing to seek reformation. If appellant were to have all of the facts alleged by it to be in dispute resolved in its favor, there would be no change in those facts essential to this determination.

Affirmed.

N. J. KAUFMAN, P.J., concurs in the result only.

judgment), but the owner did not exercise such right, the judgment creditor (plaintiff) could sue for reformation. The facts in *Flanagan* are far afield from those involved in this case. (It is to be noted as well that in *Flanagan* the Court concluded that there appeared to be fraudulent conduct on the part of the insurance company in taking a release from the owner of the automobile one day prior to the entry of the judgment.)