803 F.2d 722
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOSEPH VITALE, FINA VITALE, Husband and Wife; PIZZA QUEEN
ITALIAN RESTAURANT, INC., a Michigan Corporation,
Plaintiffs-Appellants
v.
GREAT AMERICAN INSURANCE CO., a Foreign Corporation,
Defendants-Appellees.
 No. 85-1726.
 United States Court of Appeals, Sixth Circuit.
 Sept. 15, 1986.
 
 BEFORE: MERRITT and GUY, Circuit Judges, and BALLANTINE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs appeal the entry of summary judgment in favor of defendant. Plaintiffs brought suit below alleging breach of contract and seeking reformation of an insurance policy issued by defendant. For the reasons stated below, we vacate the order granting summary judgment and remand to the trial court for further consideration.
 
 
 2
 Plaintiffs Joseph and Fina Vitale operated the Pizza Queen Italian Restaurant in Grand Rapids, Michigan until January 30, 1980, when the Vitales sold the premises and building to House & Frieswyk Enterprises, Inc. (H & F) on a land contract. The terms of the land contract required H & F to obtain fire insurance to protect the interest of the Vitales. The real property sold by the Vitales was also encumbered by a mortgage in the amount of $40,000, held by Union Bank and Trust Company. On the date of transfer, Pizza Queen also sold certain equipment to H & F and received in exchange a promissory note in the amount of $60,000. As security for the note Pizza Queen retained a perfected security interest in the equipment. The accompanying security agreement required H & F to insure the equipment against fire.
 
 
 3
 Gerald House, acting on behalf of H & F, originally obtained insurance coverage through AIU Insurance Company. Joseph Vitale appeared in the "mortgage clause" on that policy. Upon the expiration of that policy, Gerald House sought to obtain insurance at a lower cost. He contacted the Kozak Insurance Agency, requesting a comparative quote on the coverage then being provided by AIU. After the Kozak Agency gave House a favorable quote, the decision was made to insure through Kozak with defendant, Great American Insurance Company (American). The policy, as issued, listed Joseph and Fina Vitale in the loss payable clause and not in the mortgage clause.[1] A copy of the policy was mailed to the Vitales.
 
 
 4
 On January 20, 1982, the restaurant, operated by H & F under the name Stockbridge Inn, was partially destroyed by fire. American denied H & F's claim primarily on the asserted basis of the policy exclusion relating to arson. The claims submitted by the Vitales and Pizza Queen were also denied.
 
 
 5
 In June, 1983, the Vitales and Pizza Queen brought suit in Kent County Circuit Court alleging that defendant's rejection of their claims under the insurance policy constituted a breach of contract, that defendant's failure to make timely payment to plaintiffs constituted a violation of the Uniform Trade Practices Act, Mich. Comp. Laws Sec. 500.2001, et seq., and that the policy of insurance should be reformed to correctly identify the plaintiffs' interests in the property. After removal of this case to the district court for the Western District of Michigan, plaintiffs filed a motion for judgment on the pleadings and defendant filed a motion for summary judgment. Plaintiffs' motion was never ruled on and defendant's motion was denied. In the course of denying defendant's motion, Judge Hillman found that the Vitales, as loss payees, would only be allowed to recover if the insured party is allowed to recover, stating:[2]
 
 
 6
 As loss payees, then, plaintiffs are allowed to recover only if the insured party is allowed to recover. However, the fact that plaintiffs' right to recover is dependent on the recovery, if any, by the purchasers of the insurance contract does not mean that defendant's motion for summary judgment should be granted and the case dismissed. The purchasers of the property in question, and the party that allegedly obtained the insurance policy, has (sic) also filed an action against Great American . . . . That case is now pending before Chief Judge Wendell A. Miles. Because plaintiff's right to recover is subject to any defenses that might be raised against the insured, the two cases should be consolidated for all further proceedings ----
 
 
 7
 Consequently, plaintiffs' action against defendant was consolidated with H & F's claim against this same defendant. Subsequently, defendant filed another motion for summary judgment with Judge Miles which was granted.[3] In granting defendant's motion for summary judgment on the breach of contract claim, Judge Miles stated:
 
 
 8
 As noted in Judge Hillman's opinion, plaintiffs Vitales' rights of recovery under the policy are subject to the recovery of the named insured. The Court adopts that finding, which also implicitly precludes reformation of the insurance contract, as it concerns the interests of the plaintiffs Vitale.
 
 
 9
 Aug. 8, 1985 opinion, App. 60. The court also concluded that the proper circumstances for reformation did not exist on the record. After a jury trial on H & F's claim ending August 22, 1985, Great American Insurance Company was found not liable to H & F for breach of contract because gerald House, an officer of H & F, had committed arson in setting fire to the Stockbridge Inn. The Vitales subsequently filed a timely appeal of the grant of summary judgment to defendant in this case.
 
 
 10
 Plaintiffs contend that the district court erred in granting a summary judgment on the issue of reformation. They claim that when Gerald House of H & F met with Jim Kozak, one of the insurance agents from the Kozak Agency who ordered the policy from defendant, Gerald House specifically requested coverage identical to that which he then had with the previous insurer, AIU Insurance Company. Moreover, plaintiffs point out that when Gerald House requested such coverage, he brought his AIU policy in as a reference. Whether identical coverage meant policy coverage and limits rather than protecting the identical interests in the identical manner is not clear. There is also uncontroverted evidence that the insurance agent did not know the difference between having an interest protected under a loss payable clause and a mortgage or land contract clause. Plaintiffs urge that the evidence unequivocally demonstrated that the Kozak Agency failed to protect plaintiffs' interests as requested by House, and therefore, they are entitled to reformation.
 
 
 11
 We cannot agree. This evidence raises but does not resolve key factual issues. The trial court did not err in failing to grant judgment in favor of plaintiffs.
 
 
 12
 At the same time, this evidence does raise genuine issues as to material facts relative to defendant's motion for summary judgment. The propriety of granting summary judgment is clouded by the fact that Judge Miles adopted Judge Hillman's finding that plaintiffs' rights of recovery under the policy as loss payees are subject to the recovery of the named insured. Judge Miles then noted that this finding implicitly precludes reformation of the insurance contract. This is only true, however, if Judge Hillman found that as loss payees plaintiffs were not entitled to reformation. But Judge Hillman's opinion did not consider whether or not reformation was available. Rather, Judge Hillman's opinion was limited to a ruling that plaintiffs, as loss payees, could not maintain an action for breach of contract. At that point in time, it would have been unnecessary for Judge Hillman to consider reformation, since plaintiffs still had an opportunity to recover as loss payees if the insured recovered under the policy.
 
 
 13
 Thus, Judge Hillman's finding that plaintiffs' right to recover as loss payees was dependent on H & F's right to recover does not implicitly preclude reformation of the insurance contract. Admittedly, Judge Miles went on to discuss other factors which he concluded rendered reformation unavailable, but it is unclear to what extent his adoption of Judge Hillman's "finding" influenced this decision.
 
 
 14
 Although a summary judgment may be granted in contract reformation cases, it must be clear that there are no genuinely disputed fact issues. This is especially true in light of the fact dependent inquiry necessary to determine whether a party is entitled to reformation. The cases illustrate that the right to reformation may be won or lost on a single factual circumstance. Compare Hammel v. U.S. Fidelity & Guar. Co., 246 Mich. 251 (1929), and Delivery Service v. Liability Co., 257 Mich. 482 (1932), with Goldman v. Century Ins. Co., 354 Mich. 528 (1958), and Biondo v. Ridgemont Ins. Agency, 104 Mich. App. 209 (1981); see also Annot., 25 A.L.R.3d 580 (1969).
 
 
 15
 Accordingly, we REMAND this matter to the district court for further consideration consistent with this opinion. By remanding we mean to express no opinion regarding plaintiffs' right to reformation.
 
 
 
 *
 Honorable Thomas A. Ballantine, Jr., United States District Court, Western District of Kentucky, sitting by designation
 
 
 [1]
 For purposes relevant here, the primary difference between being listed in the "loss payable" and the "mortgage" clause is that policy defenses, e.g., arson, may be asserted against those listed as loss payees but not against those protected under the mortgage clause
 
 
 [2]
 Judge Hillman did not address the issue of reformation at all
 
 
 [3]
 It is not clear from the record whether defendant actually filed a new motion for summary judgment or renewed an already filed motion. In any event, it is clear that Judge Miles also considered and denied plaintiffs' previously filed motion for judgment on the pleadings at this time